# Stewart *versus* Bremer.

1. Bremer owned a line of coaches, Bennington was his agent at a station. Leopold owing Bennington, pledged tools for the debt, borrowed them from Bennington to work with and pledged them to Stewart for a debt to him. Stewart put them into one of Bremer's coaches to be carried, and did not pay, or tender the freight. When the coach reached Bennington's, he took the tools out, claiming them under the pledge, tendered Stewart the amount due him from Leopold, declaring that he took the tools on his own responsibility, and not as agent for Bremer. *Held*, that Bremer was not liable as common carrier to Stewart.

2. Bennington was not the servant of Bremer in the transaction, and liable over to him for negligence or breach of duty.

3. If there was any liability on Bennington, it was to Stewart or Leopold for taking the tools.

4. The freight not having been paid, Bremer's liability as a carrier had not begun and no contract for carriage had been consummated.

November 15th 1869. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the court of Common Pleas of *Fayette county :* No. 20, to October and November Term 1869.

This action was commenced before a justice of the peace, August 8th 1866, by Lock Stewart against R. M. Bremer. The justice having rendered judgment for the plaintiff for $35, the defendant appealed to the court of Common Pleas.

The facts in the case appeared to be these : The defendant was the owner of a line of stages running from Cumberland, Maryland, to Washington, Pennsylvania. One Moses Bennington, innkeeper in Brownsville, was the stage agent for Bremer. A man named Joseph Leopold had become indebted to Benning-

[Stewart v. Bremer.]

ton for boarding, and as a pledge for the debt had delivered his carpenter's tools to Bennington; Leopold at the same time owed one Moffitt $6. After the tools had been in the possession of Bennington for some days, he lent them to Leopold to enable him to go to work. At Leopold's request the plaintiff paid the debt due Moffitt, and also paid $1, Leopold's stage fare to Uniontown, for the repayment of which sums Leopold pledged the tools to the plaintiff and delivered them into his possession. The plaintiff put the tools into one of the defendant's stages before it had reached the station at which Bennington was agent, to be delivered in Uniontown, and told the driver that he would be over at the office (Bennington's) and pay the freight. When the stage came to the office, Leopold was on the driver's seat. Bennington seeing him there with the tools, upbraided him for going away with the tools, took them from the coach and put them into his bar under lock. The plaintiff came in and demanded them, saying he had advanced Leopold $7 for them. Bennington handed the plaintiff $7, which he returned, saying he would hold the defendant responsible. Bennington said he was acting on his own responsibility, the defendant had nothing to do with it. Leopold was present. The plaintiff did not pay or tender payment for the carriage of the tools.

On the trial the defendant called Bennington as a witness; he was objected to by the plaintiff on the ground of interest, but was admitted by the court who sealed a bill of exceptions.

The defendant was in the habit of carrying packages, &c., on his coaches. The drivers were authorized to receive the packages, pay over the freight to the agent at the next station, and have them there entered on the way-bill; if the package, were put on the coach at the station the agent received the freight.

The court (Gilmore, P. J.) after stating the facts charged : * * *

"The policy which holds common carriers so strictly, for fear of collusion, or fraud or neglect, has no place in a case like this. Here the claimants were face to face, contesting the matter. The tender of the seven dollars took away all hold which the plaintiff had to the tools. He was completely stopped of any right to the possession, and of consequence cannot maintain this action. But if we should be mistaken as to this, and we feel there is some doubt about it, we are sure that the plaintiff will be barred of his recovery on another ground. It is admitted the freight was not paid, and that it was to be paid to the agent. Now we say, and so charge you, that the freight not being paid, although the tools were on the hack —the bargain for carrying not being consummated—the agent might refuse for any reason to carry them, and having refused to do so, his principal is not responsible. I think that if any one had stepped forward and said, ' I claim these articles and am about to

[Stewart *v.* Bremer.]

be defrauded,' it would have been competent for the agent to refuse to assist in this fraud by carrying them away."

The verdict was for the defendant.

On the removal of the case to the Supreme Court by the plaintiff, he assigned for error the admission of Bennington as a witness; and the charge of the court.

*G. W. K. Minor* (with whom was *A. E. Willson*) for plaintiff in error.—As to admission of the witness cited 1 Greenleaf's Ev., §§ 393, 394; Dorrance *v.* Commonwealth, 1 Harris 160; Catawissa Railroad *v.* Armstrong, 13 Wright 187. As to the charge: Story on Contracts, §§ 752, 758, b.; Jones on Bailments, Appendix 7.

There was no argument or paper-book for defendant in error.

The opinion of the court was delivered, January 3d 1870, by

AGNEW, J.—We discover no substantial error in this case. In the whole transaction in respect to the tools in question, Moses Bennington was acting in his own behalf, and not as agent for Bremer, and the plaintiff and Leopold, the owner of the tools, were so informed at the time of the transaction. Bennington was, therefore, not the servant of Bremer, and not liable over to him for negligence or breach of duty. If liable to any one, he was liable to the plaintiff in trespass for taking the tools out of his custody, or to Leopold the owner. Both were present and acting in the affair, and both understood Bennington to claim the tools in his own right, while as to Bremer they knew he had not been paid the freight, and that his liability as a carrier had not fairly begun. The tools were put aboard the stage at the upper end of the town, a short distance from the station, and Stewart was to come over and pay the freight. He did come over, made no tender of the money, at first took the amount he had advanced for Leopold, the owner of the tools, and then returned it at Leopold's instance. The whole transaction plainly shows that the carrier's duty had not fairly begun, and consequently that the contract for carriage was not fully consummated. If Bennington had no right to the possession of the tools, he was a trespasser and the remedy of the plaintiff is against him.

Judgment affirmed.